New Amsterdam Casualty Company, Plaintiff-Appellant, v. Certain Underwriters at Lloyds, London, Signatory to a Certain Lloyds Certificate Issued to Myron Shane, et al., d/b/a Hav-A-Kar, Wilshire, Defendants-Appellees.

Gen. No. 49,443.

First District, Fourth Division.

February 3, 1965.

Rehearing denied April 12, 1965.

J. V. Schaffenegger, of Chicago (James P. Chapman, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Thomas L. Stevens and Stephen H. Cohen, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a judgment on the pleadings entered in favor of defendant.

Chester A. Fiske was driving an automobile owned by Hav-A-Kar which was insured by defendant against liability in the operation of its cars when driven by a named assured or with permission of a named assured. Fiske was not a named assured but was alleged to be an agent of Hav-A-Kar. This agency was denied by defendant in its answer. However, in the briefs and on oral argument there was no dispute that Fiske was driving with the permission of Hav-A-Kar and was covered by defendant's policy. Defendant's policy contained the following provisions:

> 6.  OTHER INSURANCE. If the Assured named in the Schedule carry a policy of another insurer against a loss covered by this policy, such Assured shall not be entitled to recover from the Underwriters a larger proportion of the entire loss than the amount otherwise payable under this policy bears to the total amount of valid and collectible insurance applicable to said loss. *If any person,* firm or corporation *other than the Assured named in the Schedule is,* under the terms of this policy, *entitled to be indemnified hereunder and is also covered by other valid and collectible insurance, such other person,* firm or corporation *shall not be indemnified under this policy.* (Emphasis added.)

Fiske had purchased an insurance policy from plaintiff protecting him from liability arising out of the

operation or use of his own automobile and any other car which Fiske might operate. (Insuring Agreement V.) That policy further provided:

> *If the insured has other insurance against a loss covered by this policy* the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, *the insurance . . . under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance available to insured,* either as an insured under a policy applicable with respect to said automobiles or otherwise. (Emphasis added.)

On February 23, 1954, Fiske was involved in an automobile accident while driving an automobile belonging to Hav-A-Kar and the injured persons in the other car filed suit against Fiske. He forwarded the summons to plaintiff, which assumed his defense but tendered the defense to defendant which refused to accept it. Thereafter plaintiff settled the case and brought this action for reimbursement of the amount paid by plaintiff in settlement of Fiske's case and for the expenses of the defense.

Plaintiff claims that since its policy is only for "excess insurance," under the circumstances of this case the primary liability is that of defendant. Defendant argues that its policy exempts it from liability because Fiske had "other valid and collectible insurance."

Plaintiff urges that we adopt the interpretation of similar policy provisions given by the court in Zurich General Acc. & Liability Ins. Co. v. Clamor, 124 F2d 717 (7th Cir 1941). There the court held that an "ex-

cess clause" (like plaintiff's in the instant cause) is not "other insurance" and that a policy (like defendant's in the instant case) even though it contains an "escape clause" is more specific and therefore creates primary liability.

In other federal cases it has been held that "excess insurance" clauses do not constitute "other valid and collectible insurance" and do not go into effect until the specific policy is exhausted, even though the latter contains a clause precluding liability in the event of "other valid and collectible insurance." General Ins. Co. v. Western Fire & Cas. Co., 241 F2d 289 (5th Cir 1957); Continental Cas. Co. v. American Fidelity & Cas. Co., 275 F2d 381 (7th Cir 1960); McFarland v. Chicago Express, Inc., 200 F2d 5 (7th Cir 1952).

While these cases at first reading seem persuasive, we believe the case of Oregon Auto Ins. Co. v. United States Fidelity & Guar. Co., 195 F2d 958, which has been cited with approval by other Federal and State courts, expresses the better view. The insurance provisions in the Oregon case were identical with those in the present controversy. The court's opinion states at page 959:

> It is plain that if the provisions of both policies were given full effect, neither insurer would be liable. The parties admit that such a result would produce an unintended absurdity, and each argues that the court must settle upon some way of determining which policy is primary and which secondary. . . .
>
> We have examined cases in other jurisdictions cited by counsel where closely similar or substantially identical disputes between insurance companies have arisen. These decisions point in all directions. One group indicates that the policy using the word "excess" is secondary and that

227

containing the language of the Oregon policy is primary. . . . Their reasoning appears to us completely circular, depending, as it were, on which policy one happens to read first. Other cases seem to recognize the truth of the matter, namely, that the problem is little different from that involved in deciding which came first, the hen or the egg. See remark of Judge Major in Zurich General Accident & Liability Insurance Co. v. Clamor, 7 Cir, 124 F2d 717, 719. In this dilemma courts have seized upon some relatively arbitrary circumstance to decide which insurer must assume primary responsibility. Thus one group of cases fixes primary liability on the policy which is prior in date. Another group undertakes to decide which *policy* is the more specific, holding the one thought more specific to be primary. Another solution is represented by Maryland Casualty Co. v. Bankers Indemnity Ins. Co., 51 Ohio App 323, 200 NE 849, where it was held that the policy issued to the person primarily liable for the damage is the primary insurance. In sum, the cases are irreconcilable in respect both of approach and result.

In our view it is immaterial which policy was written first; each was in effect when the accident occurred. The two policies appear to us to be equally specific, and no difficulty whatever would be encountered in applying either to the facts if the other did not exist. . . .

In our opinion the "other insurance" provisions of the two policies are indistinguishable in meaning and intent. One cannot rationally choose between them. We understand the parties to concede that where neither policy has an "other insurance" provision, the rule is to hold the two insurers

liable to prorate in proportion to the amount of insurance provided by their respective policies. Here, where both policies carry like "other insurance" provisions,[1] [footnote added] we think must be held mutually repugnant and hence be disregarded. Our conclusion is that such view affords the only rational solution of the dispute in this case. The proration is to be applied in respect both of damages and of the expense of defending the suits.

The conclusions of the Oregon opinion are not inconsistent with anything said by this court in Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill App2d 489, 171 NE2d 406; Laurie v. Holland America Ins. Co., 31 Ill App2d 437, 176 NE2d 678; or Economy Fire & Cas. Co. v. Western States Mut. Ins. Co., 49 Ill App2d 59, 198 NE2d 723, apparently the only three decisions of Illinois courts bearing on the subject. While in each of these cases the policies contained similar or identical excess insurance provisions, the opinions cited with strong approval the case of Oregon Auto Ins. Co. v. United States Fidelity & Guar. Co., supra.[2]

---

[1] While the facts show that the policies were dissimilar, one containing an "excess" clause and the other an "escape" clause, the court, having held that they were indistinguishable, treats them as "like" other provisions.

[2] See also Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 219 Ore 110, 341 P2d 110 (quoted with approval in the Laurie opinion) in which the court lumped together the various types of "other insurance" provisions, and refused to recognize any distinction in the effect of using one or another, saying at page 119:

"The 'other insurance' clauses of all policies are but methods used by insurers to limit their liability, whether using language that relieves them from all liability (usually referred to as an 'escape clause') or that used by St. Paul (usually referred to as an 'excess clause') or that used by Oregon (usually referred to as a 'prorata clause'). In our opinion,

·We find that the provisions of plaintiff's and defendant's policies with regard to "other insurance" are indistinguishable in meaning and intent, are mutually repugnant and hence must be disregarded in ascertaining liability. Therefore, each of the insurers is liable in proportion not only to the amount of insurance provided in its policy but, in addition, to the costs, expenses and attorney fees incurred in defending Fiske.

The judgment is reversed and the cause remanded to the Circuit Court of Cook County for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

McCORMICK, P. J. and ENGLISH, J., concur.

whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto."