Carl R. Jensen, Jr., f/u/o Albert D. Kelley, Plaintiff-Appellee, v. New Amsterdam Insurance Company, Defendant-Appellant, and General Fire and Casualty Company, Defendant.

Gen. No. 64–154.

Second District.

December 28, 1965.

J. V. Schaffenegger, of Chicago (Jack L. Watson, of counsel), for appellant.

Joseph T. McGuire, Francis P. Flynn, Perz and McGuire, for appellee.

Gates W. Clancy, of Geneva (Wendell W. Clancy, of counsel), for General Fire and Casualty Company, defendant.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is a garnishment action by Carl R. Jensen, Jr., f/u/o Albert D. Kelley, plaintiff-appellee, against the defendant, General Fire and Casualty Company (herein

called General), and the defendant-appellant, New Amsterdam Insurance Company (herein called New Amsterdam), wherein the trial court entered judgment against both defendants in the sum of $5,175, plus $301.80 interest and $54 costs. The judgment arose out of an automobile collision in which Kelley was struck by a 1960 Valiant automobile owned by John V. Grogan and driven by Jensen. General insured Grogan and the auto involved in the accident; New Amsterdam insured the driver Jensen.

New Amsterdam has prosecuted this appeal alleging that the policy issued by General to Grogan, covering the Valiant car involved in the accident and driven by Jensen with Grogan's permission, offered primary coverage to Jensen; that New Amsterdam's policy provided only "excess" coverage; and that since the policy limits of General were not exceeded by the judgment, only General was liable.

This question involves, among other things, the interpretation of the "other insurance" clauses found in the policies of General and New Amsterdam. These clauses are substantially identical, each providing that:

> If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, (the coverage when driving temporary substitute automobiles or an auto not owned by the insured) . . . shall be excess insurance over any other valid and collectible insurance.

Thus, the "other insurance" clauses of both policies provide that liability coverage shall be prorated with

other insurance coverage, except when the insured is driving a temporary substitute auto or a nonowned auto, in which case the coverage is to be "excess" coverage only.

In situations where there are double coverage problems, the ad hoc treatment given "other insurance" clauses by the courts covers a wide spectrum. On one side are the cases which hold, for a variety of reasons, that one insurance policy furnished the primary coverage, and the other, the secondary. These cases then hold the primary insurer liable, and no reduction is made in its exposure by virtue of the "other insurance" clause of its policy. McFarland v. Chicago Exp., 200 F2d 5 (CA 7th, 1952); Zurich General Accident & Liability Ins. Co. v. Clamor, 124 F2d 717 (CCA 7th, 1941); Schweisthal v. Standard Mut. Ins. Co., 48 Ill App2d 226, 198 NE2d 860 (2nd Dist 1964). On the other side are the cases which hold that any attempt to resolve the apparent inconsistencies found in "other insurance" clauses and to determine which is the primary insurer is founded upon circuitous reasoning. In these cases the clauses are held mutually repugnant, are disregarded, and each insurer is held responsible for his pro rata share of the liability. New Amsterdam Cas. Co. v. Certain Underwriters at Lloyds, London, 56 Ill App2d 224, 205 NE2d 735 (1st Dist 1965); Economy Fire & Casualty Co. v. Western States Mut. Ins. Co., 49 Ill App2d 59, 198 NE2d 723 (2nd Dist 1964); Oregon Automobile Ins. Co. v. United States Fidelity & Guaranty Co., 195 F2d 958 (CA 9th, 1952); Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 219 Ore 110, 341 P2d 110 (1959).

The apparent conflict found in the reported cases is attributable in part to the diverse "other insurance" clauses before the courts and applicable in the respective cases. Such variation is classified in Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill App2d 489, 171 NE2d 406 (1st Dist 1960), at page 496, where the court, in

410

quoting from Continental Cas. Co. v. Buckeye Union Cas. Co., 143 NE2d 169 (Ct Com Pleas, Ohio, 1957) at pages 174, 175, stated:

"The difficulties in interpretation have arisen when both policies contained 'Other Insurance' clauses. These seem to fall into three general types: (a) a provision to the effect that in the event of other insurance, the loss shall be borne prorata dependent upon the monetary limits of coverage, which will hereafter be referred to as the pro-rata clause; (b) a provision that the policy shall be excess over any other valid and collectible insurance applicable to the liability, hereafter referred to as the excess clause, and (c) a provision that if there is other valid and collectible insurance the policy shall not apply, hereafter referred to as the escape clause. Thus it is apparent that cases of 'double insurance' have and will continue to arise involving pro-rata v. excess, pro-rata v. escape, excess v. escape, excess v. excess and escape v. escape."

Also see annotation 76 ALR2d 502, et seq.

Further cause for the divergent decisions is that certain courts have construed the respective policies involved in the double coverage problems without consideration of the factual matters relevant to a proper interpretation of the pertinent provisions of such policies, such as: the scope thereof (whether owners or non-owners—see Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill App2d 489, 171 NE2d 406 (1st Dist 1960)); the status of the insured under the policy (whether driving as owner of the insured automobile or as a named insured driving a nonowned or substitute automobile—see Economy Fire & Casualty Co. v. Western States Mut. Ins. Co., 49 Ill App2d 59, 198 NE2d 723 (2nd Dist 1964)); and other compelling factual circumstances relevant to a proper interpretation of the policies.

411

We concede that the criticism of the rationale sometimes employed to arrive at the determination of which insurer, if either, is primarily liable, may be just. (See Gutner, et al., v. Switzerland General Ins. Co. of Zurich, 32 F2d 700 (CA 2nd, 1929); New Amsterdam Cas. Co. v. Hartford Accident & Indemnity Co., 108 F2d 653 (CA 6th, 1940)—which fix liability upon the insurer which first covered the risk; and see Continental Cas. Co. v. Curtis Pub. Co., 94 F2d 710 (CA 3rd, 1938); Michigan Alkali Co. v. Bankers Indemnity Co., et al., 103 F2d 345 (CA 2nd, 1939)—which have held, or indicated, that the specific language of the policies is controlling over the general.) However, even though such reasoning may be specious, we do not believe that it warrants the generalization that where two policies carry like "other insurance," "pro-rata," "excess," "escape," etc., clauses, such clauses must always be treated as mutually repugnant, and disregarded.

The extent of the limitation of the respective liabilities of General and New Amsterdam, and the conflict, if any, resulting from an attempt to apply the provisions of each policy to a given factual situation, must be determined from the language used in the respective policies. Iowa Nat. Mut. Ins. Co. v. Fidelity & Casualty Co. of N. Y., 62 Ill App2d 297, 301, 210 NE2d 622, (2nd Dist 1965); Continental Cas. Co. v. American Fidelity & Casualty Co., 275 F2d 381, 384 (CA 7th, 1960); McFarland v. Chicago Exp., supra, 7; Zurich General Accident & Liability Ins. Co. v. Clamor, supra, 720. The principles involved in the interpretation and construction of insurance contracts are the same as those involved in construing other contracts. The "other insurance" clauses must be interpreted according to the sense and meaning of the terms which the parties have used. Schweisthal v. Standard Mut. Ins. Co., supra, 230.

Both of the policies contain substantially identical "other insurance" clauses, and protect against the liability resulting when a person other than the named insured drives the auto described in the policy with the permission of the named insured. Each policy, when read as a whole, clearly attempts to define different exposures to coverage when the described automobile is involved and when liability arises because of coverage to a named insured while driving another automobile. Both policies also provide protection for the named insured when he is driving an auto not owned by him. In this case, however, the policies draw a cogent distinction. If liability results from a named insured driving a nonowned auto, both policies limit their insurance to "excess" coverage and provide secondary coverage in this situation, as well as where a temporary substitute auto is involved. In other situations, the policies provide primary protection, subject only to the qualification that, in event of other valid and collectible insurance, their coverage shall be limited to their pro rata share of the loss.

■ Under the facts in this case, General insured the auto involved in the collision and thus provided the primary coverage. New Amsterdam covered its insured while driving the nonowned auto only as a secondary, "excess" insurer. Until such time as the limits of General's policy were exceeded, New Amsterdam's policy did not provide collectible insurance. There was nothing to prorate under the first clause of the "other insurance" provisions of General's policy, and it, therefore, was liable for the total loss.

Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill App2d 489, 171 NE2d 406 (1st Dist 1960) suggests a conclusion different than that reached here. However, this case is distinguishable in that therein the court was concerned with determining the effect of "other insurance" provisions where the "excess" insurance

413

clauses of each policy were applicable. Under these circumstances, the First District of the Appellate Court held the respective "excess" clauses repugnant, and prorated liability. This decision, however, is not determinative here where the two pertinent "other insurance" provisions are not repugnant.

New Amsterdam Cas. Co. v. Certain Underwriters at Lloyds, London, 56 Ill App2d 224, 205 NE2d 735, also a First District case, likewise distinguishable, held that two "other insurance" clauses were mutually repugnant and prorated liability. In that case, neither insurance policy purported to provide primary coverage under the factual situation. The owner of the car involved was a rent-a-car agency and its policy provided that if anyone other than the agency, the named assured, were driving the car, there would then be no indemnity under the policy if there were other valid and collectible insurance. The driver's policy provided only "excess" coverage when driving a nonowned auto. Thus, both policies purported to provide only secondary coverage, one through an "escape" clause and one through an "excess" clause. Under the facts, the pro rata provisions of both policies were inapplicable and the court prorated the liability incurred by the driver. Under the factual situation in the case at bar, the primary coverage, prorate clause of General, and the secondary coverage, excess clause of New Amsterdam, are applicable.

This court has previously held that under policies involving "other insurance" clauses substantially the same as the ones at bar, the owner's policy provided primary coverage and the driver's policy provided secondary coverage. Schweisthal v. Standard Mut. Ins. Co., 48 Ill App2d 226, 198 NE2d 860 (2nd Dist 1964). The First District has also so held. Fireman's Fund Indemnity Co. v. Freeport Ins. Co., 30 Ill App2d 69, 173 NE2d 822 (1st Dist 1961).

This court has also held, however, in a case involving "other insurance" clauses not unlike the ones here before us, that the clauses being identical, one policy could not be held to provide the primary insurance and the other the secondary. Economy Fire & Casualty Co. v. Western States Mut. Ins. Co., 49 Ill App2d 59, 198 NE2d 723 (2nd Dist 1964). In so holding we relied on the case of Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill App2d 489, 171 NE2d 406 (1st Dist 1960), and stated that it held that where both applicable policies contain the same "other insurance" provisions, they are to be disregarded as mutually repugnant and each company is to be held liable on a pro rata basis. We there failed to recognize, however, that in Continental the court held that the "excess" insurance provision of each policy was applicable under the factual situation and thus found the clauses repugnant. Again, in Laurie v. Holland America Ins. Co., 31 Ill App2d 437, 176 NE2d 678 (1st Dist 1961), cited by us in Economy, the court had before it two identical and applicable "excess" insurance provisions, which the court indicated were repugnant, but not the determinative issue of the case.

We hereby overrule Economy Fire & Casualty Co. v. Western States Mut. Ins. Co., 49 Ill App2d 59, 198 NE2d 723 (2nd Dist 1964) to the extent that it holds, without reservation, that where both insurance policies contain the same provisions with respect to "other insurance", they are to be disregarded as mutually repugnant, and liability prorated. We believe it imperative and essential that the scope of the respective policies, the status of the insured thereunder, and all other pertinent factual circumstances attendant with liability under the circumstances of each case, must be considered in connection with the construction of the respective policies. The applicable clauses of the respective policies should not be construed in a factual vacuum.

■ Where, as here, one policy is found to provide the primary coverage, the "excess" insurance coverage of the secondary insurer is not other "valid and collective" insurance. Thus, the liability of the primary insurer is not reduced under its pro rata provisions. We here use the words "primary" and "secondary" only after construing the policies according to the guide lines herein set forth and not as an ipse dixit device for establishing liability.

The judgment of the trial court insofar as it relates to New Amsterdam is hereby reversed and judgment is entered herein in favor of New Amsterdam and against the plaintiff; the judgment against General is affirmed, and the order of this court staying the writ of execution against General, which improvidently issued, is hereby vacated and dissolved.

Judgment reversed in part and affirmed in part.

ABRAHAMSON, P. J. and MORAN, J., concur.