Clemens Ostrowski, etc., Appellant, v. United States
Fidelity and Guaranty Company, Appellee.

Gen. No. 46,478.

First District, First Division.
January 31, 1955.
Released for publication February 23, 1955.

Peden, Ryan & Andreas, of Chicago, for appellant;
Gerald Ryan, of Chicago, of counsel.

Ross, Berchem, Schwantes & Thuma, of Chicago, for
appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

The United States Fidelity and Guaranty Company insured Clemens Ostrowski, a plumbing contractor, against liability imposed on him by law for damages because of certain hazards in the performance of his business and agreed to defend any suit against the insured even if groundless, reserving the right to make such investigation, negotiation or settlement of any claim or suit as might be deemed expedient. Ostrowski, as a subcontractor, installed an oil burner and hot water heating unit for Anne McDonough in a building in Chicago. She sued Ostrowski for $5,000 in the municipal court of Chicago because of alleged negligence in the installation resulting in damage to the building by steam and water.

The insured sent the summons and statement of claim to the insurer with the request that it defend the suit. The insurer declined to defend on the theory that under the policy and the facts there was no coverage. Thereupon the insured retained lawyers and successfully defended the McDonough action and was required to pay $456.36 for attorneys' fees, court reporter charges and other expenses in preparation for trial. Upon the insurer's refusal to reimburse him, the insured sued. The court granted plaintiff's motion for a summary judgment for $456.36 but refused to assess a 25 per cent penalty thereon and to tax attorneys' fees of $300. Plaintiff, appealing, asks that a judgment be entered in his favor for $570.45 and costs "including $300 additional taxed as costs as and for attorney's fees."

■ Plaintiff's claim that the judgment for $456.36 be increased by adding 25 per cent thereto and $300 attorneys' fees is based on the provision of section 155 of the Insurance Code (par. 767, ch. 73, Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 66.830]) that in an action against an insurance company on the issue of liability on a policy, if the company has refused upon demand

203

*prior to the commencement of the action* to pay the amount of the loss, and it appears that the refusal is vexatious and without reasonable cause, the court may allow to the insured reasonable attorney fees as part of the taxable costs not exceeding 25 per cent of the amount he is entitled to recover, exclusive of costs, and in no case exceeding $500. By its terms this section does not give the court the power to allow a 25 per cent penalty on the amount plaintiff is entitled to recover in addition to reasonable attorneys' fees. On a finding that the refusal to pay the amount of the loss is vexatious and without reasonable cause the court may allow reasonable attorneys' fees (within the prescribed limitation) as a part of the taxable costs.

■■■ We are asked to decide whether the trial judge abused his discretion in denying plaintiff reasonable attorneys' fees as part of the taxable costs on the ground that the refusal to pay the amount of the loss was vexatious and without reasonable cause. In discussing this issue the parties devote considerable space to the various steps in the conduct of the instant case in the trial court. The statute relates to a refusal upon demand prior to the commencement of the action and the finding that the refusal is vexatious and without reasonable cause relates to the factual situation prior to the commencement of the case at bar. When the McDonough suit was commenced and called to the attention of the defendant it filed an appearance and reviewed the file. The defendant thereupon decided that it did not owe a defense to the insured. We cannot say that the trial judge abused his discretion in refusing to allow attorneys' fees as costs.

Therefore the judgment of the municipal court of Chicago is affirmed.

Judgment affirmed.

FRIEND and NIEMEYER, JJ., concur.