The Farmers Automobile Insurance Association, an Inter-Insurance Exchange, Plaintiff-Appellant, v. Iowa Mutual Insurance Company, an Insurance Corporation; Tilden Meyers, Individually and d/b/a Meyers Sales & Service, also d/b/a Belvidere International Harvester Company; Rockford Trailer Sales & Service Company, Inc., a Corporation; Douglas E. O'Dell, et al., Defendants-Appellees.

Gen. No. 66–31.

Second District.

December 3, 1966.

Rehearing denied December 23, 1966.

Maynard, Maynard and Brassfield, of Rockford, for appellant.

Miller, Thomas, Hickey and Collins, of Rockford, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago County. Plaintiff brought a Declaratory Judgment suit for a determination of the rights, duties and obligations of the plaintiff, The Farmers Automobile Insurance Association (hereinafter called Farmers) and Iowa Mutual Insurance Company (hereinafter called Iowa Mutual), defendant, to Douglas E. O'Dell, in a common lawsuit against him for personal injuries arising out of an accident when a truck-tractor owned by Tilden Meyers, a dealer in trucks and driven by O'Dell collided with a vehicle driven by Albert Goldberg. The trial court entered a declaratory judgment in substance finding that plaintiff owed O'Dell the duty of defense and payment of the full amount of settlement and that Iowa Mutual owed no obligation to defend O'Dell or to pay any part of the settlement.

On April 29, 1963, Tilden Meyers operated a truck sales and service garage in Belvidere. Douglas E. O'Dell, a trucker, was interested in purchasing from Meyers the truck-tractor involved in the accident with Goldberg. Meyers was insured by Iowa Mutual. The policy provided, among other things, coverage for other persons operating an owned vehicle with the insured's permission. O'Dell was insured by Farmers. On April 29, O'Dell sought permission to use the truck-tractor owned by Meyers for purposes of a demonstration. Meyers testified that when he gave permission for the demonstration he knew O'Dell wanted to try out the truck with a trailer attached and that the closest trailers would be in Rockford, Illinois. Meyers testified he was told O'Dell would use the truck about two hours. O'Dell testified that he did not tell Meyers anything about how long he would be gone or where he was going. O'Dell took the vehicle to Rockford where he attached a trailer to it. He then drove the truck

174

and trailer to his home in Roscoe, Illinois. The next morning, April 30, he drove the truck and trailer into Chicago where he intended to pick up a load of merchandise. The merchandise was not ready and O'Dell started back to Belvidere.

The accident occurred as O'Dell was leaving Chicago. He called Meyers, informed him of the accident, and told Meyers he would see him the next day.

On the next day, the truck was returned to Meyers. As a result of the accident, Goldberg and his wife sued O'Dell for personal injuries. Farmers tendered a defense of the Goldberg suit to Iowa Mutual, which refused to recognize any liability to O'Dell. Farmers assumed the defense of O'Dell, under a reservation of rights and thereafter filed this action.

During the pendency of this action, the Goldberg suit was settled for $4,000. Farmers and Iowa Mutual each paid half the settlement under an agreement that their contributions would in no way affect their rights and positions in this suit.

Plaintiff's theory is that Iowa Mutual insured Tilden Meyers at the time of the accident as its named insured and also insured Douglas E. O'Dell as a permissive user of said vehicle, under the omnibus clause of their policy and that the coverage afforded O'Dell was primary. Plaintiff also contends that at the time of the accident the coverage, if any, afforded by its policy to O'Dell was excess insurance and secondary to that provided by Iowa Mutual.

Iowa Mutual contends that O'Dell's use of the truck in question was limited to a "demonstration trip" within the Belvidere-Rockford area for a period of about two hours and that O'Dell's departure from him limited permission was a material deviation of the permission granted to him resulting in an unauthorized use, thereby relieving the defendant of any liability.

■■ The basic question is whether at the time of the accident, O'Dell was using the vehicle within the express or implied permission of Meyers, the named insured in Iowa Mutual's policy and was himself, hence, an additional insured under that policy. Illinois has adopted and adhered to the so-called "initial permission" rule. Under that rule, the decisions have held that coverage is not destroyed when the permittee exceeds the scope of his permission by deviating from the route or purpose for which he was permitted to use the vehicle so long as an initial permission was, in fact, granted to him. Konrad v. Hartford Acc. and Indemnity Co., 11 Ill App2d 503, 514, 515, 137 NE2d 855; Landis for Use of Talley v. New Amsterdam Cas. Co., 347 Ill App 560, 566, 107 NE2d 187; Jefson v. London Guarantee & Accident Co., Ltd., 293 Ill App 97, 11 NE2d 993. The defendant argues that the "initial permission" rule should be applied only to cases where the relationship between the vehicle owner and the user is that of employer-employee or a social relationship and not to this case where the relationship was one of seller and prospective purchaser. We can conceive of no justification for such a distinction. The rule is based on the theory that the insurance contract is as much for the benefit of the public as for the insured and that it would be undesirable to permit litigation as to the details of the permission and use. Konrad v. Hartford Acc. and Indemnity Co., supra, page 515. In applying the rule to the facts before us, we hold that O'Dell was within the coverage afforded by the omnibus clause of the Iowa Mutual policy.

■ Both policies of insurance involved here contain "other insurance" clauses. Under a similar factual situation, we recently held that the policy insuring the vehicle involved provided the primary coverage and that the policy issued to the permissive driver provided secondary or excess coverage. Until such time as the limits of the

primary coverage are exhausted, the secondary coverage does not provide any collectible insurance. Jensen v. New Amsterdam Ins. Co., 65 Ill App2d 407, 413, 213 NE2d 141.

We conclude that O'Dell was within the scope of the coverage afforded by Meyer's policy with Iowa Mutual and that this policy was primary. The plaintiff, Farmers, is entitled to recover the $2,000 paid by it toward the Goldberg settlement.

■ ■ Finally, plaintiff contends that it is entitled to recover the costs of its defense of O'Dell in the Goldberg suit, including attorneys' fees and also its costs and attorneys' fees in the Declaratory Judgment action and this appeal. We do not agree that the plaintiff is entitled to recover attorneys' fees in this action. As to whether it is entitled to costs and attorneys' fees in defending O'Dell is a question for the trial court to determine. Mullen v. Farm Bureau of LaSalle County, 21 Ill App2d 280, 289, 157 NE2d 679; Ostrowsky v. United States Fidelity & Guaranty Co., 4 Ill App2d 202, 124 NE2d 18; ILP (Insurance) § 579. The judgment of the trial court is hereby reversed and this cause remanded for further proceedings consistent with this decision.

Reversed and remanded.

MORAN, P. J. and SEIDENFELD, J., concur.