**INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**Bonnie MITCHELL; Thomas P. O'Donnell, Administrator of the Estate of Viola Huckenstine, Deceased; Matthews Chevrolet Company; Michael Bresnahan; and Allstate Insurance Company, Defendants.**

Civ. No. 66–100.

United States District Court
E. D. Illinois.

June 5, 1968.

Wham & Wham, Centralia, Ill., for plaintiff.

Sandor Korein of Cohn, Cohn & Korein, East St. Louis, Ill., for defendant Bonnie Mitchell.

Haig Apoian, East St. Louis, Ill., for defendant Thomas P. O'Donnell, Administrator of the Estate of Viola Huckenstine, deceased.

Joseph B. McDonnell of Dixon & McDonnell, Belleville, Ill., for defendant Matthews Chevrolet Co.

Bernard H. Bertrand of Wagner, Conner, Ferguson, Bertrand & Baker, East St. Louis, Ill., for defendants Allstate Insurance Co. and Michael Bresnahan.

JUERGENS, Chief Judge.

## MEMORANDUM AND JUDGMENT

By this declaratory judgment action, the Court is called upon to determine the rights, obligations and liabilities of Indiana Lumbermens Mutual Insurance Company, a corporation, hereinafter referred to as "Lumbermens"; Allstate Insurance Company, hereinafter referred to as "Allstate"; Bonnie Mitchell; Thomas P. O'Donnell, Administrator of the Estate of Viola Huckenstine, deceased; Matthews Chevrolet Company; and Michael Bresnahan, under the provisions of a policy of insurance issued by Lumbermens and a policy issued by Allstate.

The cause is submitted on a stipulation of facts. Plaintiff is a citizen of the State of Indiana; none of the defendants are citizens of that state; and the amount in controversy fairly exceeds the sum of $10,000.00, exclusive of interest and costs.

On September 13, 1963, Matthews Chevrolet Company loaned one of its automobiles to Michael Bresnahan for his use while his own 1963 Chevrolet automobile, which he had recently purchased from Matthews, was being repaired. On September 13, 1963, while driving the loaned automobile, Bresnahan, accompanied by two passengers, struck a bridge railing, resulting in the death of one of his passengers and injury to the other.

The injured passenger brought suit in the Circuit Court of Madison County, Illinois, against Bresnahan and Matthews Chevrolet Company. The jury returned a verdict in favor of Matthews Chevrolet Company and against Bresnahan for the sum of $18,000.00.

Suit was filed in the Circuit Court of St. Clair County, Illinois, by the estate of the deceased passenger. This case is still pending.

At the time of the occurrence out of which this cause arises, Lumbermens by an Automobile Garage Liability Policy insured Matthews Chevrolet Company. At the time of the incident Allstate had insured Michael Bresnahan as the owner of a 1963 Chevrolet.

Subsequent to the accident, both Lumbermens and Allstate were notified. Each made an investigation. Each insurance company took the position that it was the responsibility of the other to defend Michael Bresnahan. On several occasions Allstate called upon Lumbermens to assume the defense of Bresnahan. Lumbermens furnished defense to Matthews Chevrolet Company, its insured, but consistently refused to furnish a defense to Bresnahan. Upon refusal by Lumbermens to furnish the requested defense, Allstate furnished and is furnishing a defense for Bresnahan in both the injury and the death case.

At all times material, the Financial Responsibility Law of the State of Illinois, among other provisions, specified minimum limits of liability coverage of $10,000.00 because of bodily injury to or death of any one person in any one accident, $20,000.00 because of bodily injury to or death of two or more persons in any one accident, and $5,000.00 because of injury to or destruction of property of others in any one accident.

Lumbermens' policy issued to Matthews Chevrolet Company was, at all times pertinent, amended by Endorsement AL8522 which provided for limited coverage for certain insured and is in part as follows:

"In consideration of the reduced rate of premium made applicable to the insurance under Part 1, it is agreed that the policy is amended as follows:

1. Paragraph 3 of 'Persons Insured' is amended to read as follows, and Paragraphs 4 and 5 below are added, all subject to exceptions (i), (ii), (iii) and (iv) as set forth in the policy.

'(3) With respect to an automobile to which the insurance applies under paragraph 1(a) of the Automobile Hazards, any of the following persons while using such automobile with the permission of the named insured, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission:

(a) any employee, director or stockholder of the named insured, any partner therein and any resident of the same household as the named insured, such employee, director, stockholder or partner,

(b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; * * *'

2. Paragraph 1. (a), (b) and (c) of 'Limits of Liability' under Part 1 is made subject to the following provision:

'Provided that with respect to a person described as insured under paragraph (3) (b) of Persons Insured and any person or organization legally responsible for the use of the automobile by such person, other than the named insured and any person or organization described in paragraph (3) (a) of Persons Insured,

(i) the applicable limit of the company's liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, and

(ii) the insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (i) foregoing, only for the excess.' "

Liability coverage provided in the policy is in the amount of $100,000.00 for each person and $300,000.00 for each accident for bodily injury liability, and $25,000.00 for each accident for property damage liability.

Allstate's policy insured Michael J. Bresnahan for a 1963 Chevrolet and also provided coverage, in addition to the owned automobile, for a "temporary substitute automobile." "Temporary substitute automobile" is defined in the policy as follows:

" 'Temporary substitute automobile' means any automobile, including a trailer, while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;".

Coverage for a temporary substitute automobile, Allstate's policy provides as follows:

"Allstate shall not be liable under this Part 1 for a greater proportion of any loss than the applicable limit of liability stated on the Supplement Page bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance."

The amount of coverage provided by the Allstate policy is $10,000.00 for each person and $20,000.00 for each occurrence for bodily injury liability and $5,000.00 for each occurrence for property damage liability.

The coverage provided by each policy is sufficient to meet the financial responsibility requirements of the State of Illinois.

The basic question is whether at the time of the accident insurance was provided by Lumbermens or by Allstate or by both companies; and if insurance coverage was provided, then in what amounts; that is, whether Lumbermens, being the insurer of the owner of the automobile, provides coverage for the accident, or whether Allstate, being the insurer of the driver of the automobile, provides coverage.

It is obvious that if there was no other insurance covering the automobile, then Allstate would be liable by virtue of insuring the driver. It is also obvious that if the driver had not otherwise been insured, then Lumbermens would be liable under its policy insuring the automobile. However, since Lumbermens purports to cover the use of the automobile and Allstate purports to cover the driver and since both of the insurance policies contain "other insurance" clauses, the Court must determine which policy provisions control.

The courts in various jurisdictions have had much difficulty with the interpretation where both policies contain "other insurance" clauses. In Jensen v. New Amsterdam Insurance Company, 65 Ill. App.2d 407, 213 N.E.2d 141, the Second District Appellate Court quoted from other cases as follows:

" 'The difficulties in interpretation have arisen when both policies contained 'Other Insurance' clauses. These seem to fall into three general types: (a) a provision to the effect that in the event of other insurance, the loss shall be borne pro-rata dependent upon the monetary limits of coverage, which will hereafter be referred to as the pro-rata clause; (b) a provision that the policy shall be excess over any other valid and collectible insurance applicable to the liability, hereafter referred to as the excess clause, and (c) a provision that if

there is other valid and collectible insurance the policy shall not apply, hereafter referred to as the escape clause. Thus it is apparent that cases of 'double insurance' have and will continue to arise involving pro-rata vs. excess, pro-rata vs. escape, excess vs. escape, excess vs. excess and escape v. escape.' "

The Court further stated:

"The extent of the limitation of the respective liabilities of General and New Amsterdam, and the conflict, if any, resulting from an attempt to apply the provisions of each policy to a given factual situation, must be determined from the language used in the respective policies. (Citing cases.) The principles involved in the interpretation and construction of insurance contracts are the same as those involved in construing other contracts. The 'other insurance' clauses must be interpreted according to the sense and meaning of the terms which the parties have used. * * *"

New Amsterdam Cas. Co. v. Certain Underwriters, 34 Ill.2d 424, 216 N.E.2d 665, is strongly relied upon by Allstate in support of its position. The facts here, however, are not parallel with the facts in New Amsterdam. In New Amsterdam there was a general omnibus clause followed by other insurance clause in each of the policies under consideration.

Here, both policies contain other insurance clauses and both policies contain excess insurance clauses. Additionally, Lumbermens' policy contains a restricted omnibus clause which is not present in New Amsterdam. If the insuring provisions contained in the omnibus clause were not of a restricted nature, then the law as set forth in New Amsterdam would be controlling; however, since the factual situation presented by the insurance policies here and in New Amsterdam are distinguishable, New Amsterdam is not controlling.

Allstate also relies on Farmers Automobile Ins. Ass'n v. Iowa Mutual Ins.

Co., 77 Ill.App.2d 172, 221 N.E.2d 795 (1966). There, the Court, after finding that the omnibus clause provided coverage, went on to say that where both of the insurance policies involved contained "other insurance" clauses, the policy insuring the vehicle involved provided primary coverage and that the policy issued to the permissive driver provided secondary or excess coverage and that until such time as the limit of the primary coverage was exhausted, the secondary coverage did not provide any collectible insurance. Farmers is also distinguished on the omnibus provisions.

The Court has made an exhaustive search of the Illinois authorities and has been unable to find a case directly in point, nor has counsel for any of the parties cited a case in the courts of Illinois involving the factual situation here presented.

 The parties have cited cases from other jurisdictions—some of which directly support plaintiff; others directly support defendant Allstate's position. Since the cases are in conflict, this Court must view the facts in the light of the terms of the policies and reach a determination in accordance with the criterion for the interpretation and construction of contracts. Insurance contracts must be interpreted according to the sense and meaning of the terms which the parties have used in the light of the facts.

The crux of the matter at this juncture is whether or not the omnibus clause in Lumbermens is sufficient to provide coverage.

Paragraph (3) (b) of Lumbermens' omnibus clause is as follows:

"any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; ".

 Only if the factual data is sufficient to bring coverage under the quoted portions of the omnibus clause does Lumbermens provide any coverage. Under the omnibus clause certain conditions must first be met before coverage is provided; namely, (1) the automobile must be used with the permission of the named insured—there was compliance; (2) the actual operation of the automobile must have been within the scope of the permission—it was; (3) coverage is provided only if there is no other valid and collectible automobile liability insurance, either primary or excess with specified limits, namely, in an amount sufficient to meet the requirements of the financial responsibility law (in this case, of the State of Illinois). Coverage was sufficient. Lumbermens' policy, by virtue of its restricted omnibus clause, provided insurance coverage only under certain conditions precedent. Two of these conditions were satisfied; however, one of the conditions precedent did not exist. Absent fulfillment of this condition, the policy never came to life. Just as a newborn child cannot come to life without oxygen, so here one of the conditions needed to give life to the policy was not present.

For the foregoing reasons the Court finds that Lumbermens has no obligation to and is not liable for the acts of Michael Bresnahan at the time of the occurrence out of which this cause arises and provided no coverage for the benefit of any of the defendants other than Matthews Chevrolet Company.

IT IS, THEREFORE, THE JUDGMENT of this Court that Indiana Lumbermens Mutual Insurance Company Policy No. AG2205-106 (Automobile Garage Liability Policy), insuring Matthews Chevrolet Company, does not provide coverage for the benefit of Michael Bresnahan and has no duties or obligations to Bonnie Mitchell; Thomas P. O'Donnell, Administrator of the Estate of Viola Huckenstine, deceased; Michael Bresnahan; or Allstate Insurance Company.