(Nos. 43117,43122 cons.—

AUTOMOBILE UNDERWRITERS, INC., Appellant, *vs.* HARD-WARE MUTUAL CASUALTY COMPANY *et al.*, Appellees.— (DEAN E. GRANT, Appellant.)

*Opinion filed May 21, 1971.—Rehearing denied October 4, 1971.*

RYAN, J., took no part.
UNDERWOOD, C.J., dissenting.

WESTERVELT, JOHNSON, NICOLL & KELLER, of Peoria, (RICHARD G. LEISER, of counsel,) for appellant Automobile Underwriters, Inc.

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (GARY M. PEPLOW and WILLIAM J. VOELKER, of counsel,) for appellant Dean E. Grant.

McConnell, Kennedy, McConnell & Morris, of Peoria, (Golden A. McConnell and Thomas B. Kennedy, Sr., of counsel,) for appellees.

Mr. Justice Kluczynski delivered the opinion of the court:

The plaintiff, Automobile Underwriters, Inc., sought declaratory judgment against Hardware Mutual Casualty Company (hereinafter referred to as Hardware) claiming that it was under obligation to defend Dean E. Grant in a claim arising out of an automobile accident. The circuit court of Peoria County held that Hardware was not under an obligation to defend Grant. The Appellate Court, Third District, affirmed (120 Ill. App. 2d 159), and we granted leave to appeal. Upon oral motion the appeals of Automobile Underwriters and Dean E. Grant were consolidated.

The accident in question occurred while Grant, a prospective buyer, was test driving an automobile owned by Hopkins Motor Sales and Service. Occupants of the other automobile involved in the accident sued both Grant and Hopkins. Hardware participated in the defense of Hopkins, its insured, but refused to defend Grant and this declaratory action followed.

The dispute arose because of apparently conflicting clauses in the two insurance policies. Automobile Underwriters' policy, issued to Grant, provided that it would pay all sums Grant would become liable for as a result of damages occurring from bodily injury or property damage in the use of an "owned automobile or any non-owned automobile." The policy further stated: "the insurance with respect to a temporary substitute automobile or non-owned automobile shall be *excess* insurance over any other valid and collectible insurance." (Emphasis added.) This provision is commonly referred to as an "excess" provision.

The Hardware policy, insuring Hopkins Motor Sales and Service, provided basic liability coverage for accidents

involving Hopkins's automobiles. The policy further provided that in consideration for the reduced rate of premium, it was agreed that the section with regard to "Persons Insured" would be amended to read as follows: "(3)(b) Any other person, but only if no other valid and collectible automobile, liability insurance, *either primary* or *excess* * * * is available to such person; * * *." (Emphasis added.) This provision is commonly referred to as an "escape" or "no liability" clause.

Appellants contend that *New Amsterdam Casualty Co. v. Certain Underwriters at Lloyds, London,* 34 Ill.2d 424, is controlling. They argue that in *New Amsterdam* this court established the rule that in a conflict between an "excess" clause and an "escape" clause the "excess" clause will prevail. Thus appellants maintain that there was error in failing to apply the *New Amsterdam* rationale.

Hardware contends that the decision does not control because of the difference in the phraseology of the "escape" clauses. In *New Amsterdam* the "escape" clause provided that the insurer of the vehicle would be relieved from liability if the driver of the vehicle was "also covered by other valid and collectible insurance." (34 Ill.2d at 426.) Hardware Mutual argues that the inclusion in their "escape" clause of the phrase "either primary or excess" specifically exempts them from coverage of the driver because Automobile Underwriters' policy did provide Grant with "excess" insurance. It concludes that the existence of this excess insurance makes its policy wholly inapplicable to Grant and that, since Grant does have "other valid and collectible insurance" under the Automobile Underwriters' policy provision, Grant's policy becomes primarily liable to provide him with a defense.

In support of this position Hardware cites *Indiana Lumbermens Mutual Insurance Co. v. Mitchell* (7th cir.), 409 F.2d 392. There the Court of Appeals was called upon to rule on the validity of an "escape" clause which is identi-

cal to that in the instant case. The court in holding that the "escape" clause was valid distinguished our holding in *New Amsterdam* because of the addition of the phrase "either primary or excess" to the "escape" provision. The court stated: "It is this specific inclusion of 'excess' insurance which relieves Lumbermens of any obligation to defend or indemnify Bresnahan." 409 F.2d at 395.

Other courts when faced with the dilemma of similar "excess" and "escape" clauses have split along three lines of authority. One group of cases has given effect to the escape clause which specifically excludes coverage if there is either "primary or excess" insurance available to the driver under another policy. The rationale for these holdings has been reached by strictly construing the words of the "escape" clauses thereby enforcing the policies as written or by concluding that the "escape" clause is a condition precedent to the policy taking effect. See: *United States Fidelity and Guaranty Co.* v. *Dixie Auto Insurance Co.*, 292 F. Supp. 554; *Allstate Insurance Co.* v. *Shelby Mutual Insurance Co.*, 269 N.C. 341, 152 S.W.2d 436; *Faltersack* v. *Vanden Boogaard*, 39 Wis. 2d 64, 158 N.W. 2d 322; *Indiana Lumbermens Mutual Insurance Co.* v. *Mitchell.*

An alternative view has been to prorate the liability between the various insurance companies on the basis that the "excess" and "escape" clauses are mutually repugnant to each other. Thus both clauses are ignored and the liability is apportioned between the respective insurers. See *Hardware Dealers Mutual Fire Insurance Co.* v. *Farmers Insurance Exchange* (Tex.), 444 S.W.2d 583, and cases therein cited.

The third view which various courts have adopted is to hold the "escape" clause does not relieve the owner's insurer of a duty to defend where the driver's policy provides only "excess" coverage if there is other valid and collectible insurance on a non-owned automobile. *State Farm*

*Mutual Automobile Insurance Co.* v. *Home Indemnity Insurance Co.,* 23 Ohio St. 2d 45, 261 N.E.2d 128; *Bituminous Casualty Corp.* v. *Andersen,* 184 Neb. 670, 171 N.W.2d 175; *Federal Insurance Co.* v. *Prestemon,* 278 Minn. 218, 153 N.W.2d 429.

We find the last mentioned line of authority most persuasive in light of our decision in *New Amsterdam Casualty Co.* v. *Certain Underwriters at Lloyds, London,* where the court adopted the view that "when the owner of an automobile 'has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability.'" (34 Ill.2d at 430.) We find no justification to allow a circumvention of *New Amsterdam* by the mere inclusion of the phrase "either primary or excess" in the "escape" clause. Thus, Hardware has the primary responsibility to defend Grant. If judgment should be entered against Grant for an amount in excess of Hardware's policy limits then Grant's policy will come into force.

For the aforementioned reasons the decision of the appellate court is reversed and the cause is remanded to the circuit court with directions to enter declaratory judgment according to the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE RYAN took no part in the consideration or decision of this case.

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

I cannot agree with the conclusion reached by the Court. The rationale of the opinion seems to me to be totally inconsistent with our earlier decisions in *Putnam* v. *New Amsterdam Casualty Co.,* 48 Ill.2d 71, and *Ullman* v. *Wolverine Insurance Co.,* 48 Ill.2d 1. While I certainly favor the simplification of insurance policy provisions, we

must deal with those provisions as they appear. It is to me clear that the policy provisions do not provide coverage in the circumstances here. It is to me equally clear that the policy provisions do not contravene the requirements of the statute.

As I understand the opinion of the court, it concedes the absence of coverage under the terms of the policy, but then finds "no justification" for the fact that coverage is not provided.

If the public policy of this State be thought to require expanded coverage, the General Assembly is the proper forum for resolution of that question, not the courts.