**AETNA CASUALTY AND SURETY COMPANY, a corporation, Plaintiff,**

v.

**Jerome ARKIN, Administrator of the Estate of Joel S. Arkin, Deceased, et al., Defendants.**

**No. 73 C 197.**

United States District Court,
N. D. Illinois.

Oct. 23, 1973.

John M. Moelmann and John L. Kirkland, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff.

Jerome M. Brooke, Chicago, Ill., for Reliance.

Richard G. French and Gilbert J. Roger, Howard & French, Chicago, Ill., for Casualty.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This is an action for declaratory judgment. On March 17, 1972, Nancy Thrall was operating an automobile which was involved in a one-car collision resulting in fatal injuries to Joel S. Arkin. The car was owned by Bay Cities Auto Auction, Inc. ("Bay Cities") and was being delivered to California by Wilson Driveway, Inc. ("Wilson") pursuant to a contract between Wilson and Bay Cities.

A lawsuit, Arkin v. Wilson Driveway, Inc. et al., Case No. 72 C 2725, has been filed in the United States District Court for the Northern District of Illinois by the Administrator of the Estate of Jerome Arkin.

The issue involved in this litigation is a determination of the insurance coverages afforded by three insurance carriers. The plaintiff Aetna Casualty and Surety Company ("Aetna") issued a family policy of automobile liability insurance to Catherine Thrall, mother of Nancy Thrall. Defendant, Reliance Insurance Company ("Reliance"), issued a policy of automobile liability insurance to defendant Bay Cities, the owner of the automobile involved in the collision. Defendant, Casualty Insurance Co. ("Casualty"), issued a policy of automobile liability insurance pursuant to Interstate Commerce Commission regulations to defendant Wilson which was transporting the car pursuant to a contract with the owner.

The plaintiff in its amended complaint for declaratory judgment alleges the following facts:

1. Sometime prior to March 17, 1972, Joel S. Arkin, deceased, Nancy Thrall, Norman Schuck and Gail Schiefelbein planned to travel from Illinois to California. Norman Schuck made arrangements with defendant Wilson for an automobile to be used in the trip, the exact arrangements of which are unknown to the plaintiff. On or about March 17, 1972, Nancy Thrall was operating a 1970 Chrysler stationwagon furnished by defendant, Wilson, and owned by defendant, Bay Cities, on Interstate 40 near the City of Yucca in the State of Arizona, and Joel S. Arkin was riding in the automobile.

2. As a result of the accident, Jerome Arkin, Administrator of the Estate of Joel S. Arkin, deceased, has brought an action for damages in the United States District Court for the Northern District of Illinois, Eastern Division, bearing Court No. 72 C 2725. The driver of the vehicle, defendant Nancy Thrall, was a resident of the household of Catherine Thrall, and a named insured under Policy No. 08 AD 131083 PC issued by the plaintiff to Catherine Thrall. The plaintiff is defending Nancy Thrall and Wilson in Suit No. 72 C 2725, subject to a reservation of rights, pursuant to the non-

ownership coverage afforded in the said Policy No. 08 AD 131083 PC.

3. Defendant, Wilson, is insured by the defendant, Casualty, and the exact terms of the said policy of insurance are unknown to the plaintiff. The defendant, Bay Cities, is insured with Reliance, the exact terms of the said policy of insurance are also unknown to the plaintiff.

4. The insurance policy issued by defendant, Casualty, to Wilson, affords primary coverage to Nancy Thrall and Wilson and it should be defending Nancy Thrall and Wilson in the said Case No. 72 C 2725. The insurance policy issued by defendant, Reliance, to Bay Cities affords primary coverage to Nancy Thrall and Wilson and it should be defending Nancy Thrall and Wilson in the said Case No. 72 C 2725. The plaintiff's non-ownership coverage affords excess insurance only to the said Nancy Thrall and Wilson for the occurrence described in Case No. 72 C 2725.

5. In the alternative, the plaintiff does not afford coverage to Nancy Thrall and Wilson for the occurrence described in Case No. 72 C 2725 for the reason that Nancy Thrall did not have permission to operate the said vehicle at the time of the said occurrence as the policy provides:

> Persons Insured
>
> *Under the Liability and Medical Expense Coverages*, the following are Insureds:
>
> \* \* \* \*
>
> (b) with respect to a non-owned automobile,
>
> (1) the named Insured,
>
> (2) a relative, but only with respect to a private passenger automobile or utility trailer, provided his actual operation or (if he is not operating) the other actual use

thereof is with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission, and

> (3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an Insured under (b) (1) or (2) above.

■ The plaintiff requests this Court to determine and adjudicate the rights of the parties under the various policies of automobile liability insurance involved in the instant accident.

The plaintiff in its motion for summary judgment contends:

1. The policy of automobile insurance issued by the plaintiff to Catherine Thrall affords excess coverage to defendants, Nancy Thrall and Wilson for the claim brought by Jerome Arkin as Administrator of the Estate of Joel S. Arkin.

2. The policy of insurance issued by Reliance to Bay Cities affords direct, primary coverage to defendants Nancy Thrall and Wilson for the tort claim brought against them.

3. The policy of insurance issued by Casualty to Wilson affords direct, primary coverage to Nancy Thrall and Wilson for the tort claims brought against them.

The plaintiff in support of the instant motion has submitted, in addition to the pleadings and the Answers to Interrogatories, the depositions of Philip Fertoco, Nancy Thrall and Norman Schuck, and a copy of the relevant insurance policies in question.

The defendant Reliance in opposition to the instant motion contends that its insurance policy does not afford primary coverage over the instant accident; that Casualty has provided primary coverage; and that Reliance and Aetna are only liable for excess coverages in a ratio of 5 to 6 respectively.

The defendant Casualty in opposition to the instant motion contends that its insurance policy does not afford primary coverage over the instant accident; that Reliance has provided primary coverage; and that Aetna's policy affords the first layer of excess coverage.

It is the opinion of this Court that defendants Casualty and Reliance, pursuant to their respective insurance policies, afford direct and primary coverage to Nancy Thrall and Wilson, and that Aetna's policy only affords excess coverage.

It is clear to this Court after examining the relevant pleadings, answers to interrogatories, depositions and exhibits that:

1. The plaintiff issued a policy of automobile liability insurance to Catherine Thrall, which said policy contains the following provision:

 OTHER INSURANCE
 Liability and Medical Expense Coverages

 . . . the insurance with respect to a temporary substitute or non-owned automobile shall be excess insurance over any other valid and collectible insurance.

 . .

2. Reliance issued a certain policy of insurance to Bay Cities bearing No. GA 1 22 36 79, and Reliance concedes in its answer to plaintiff's Interrogatory No. 1 that "The Reliance policy affords coverage to Nancy Thrall and Wilson under its omnibus clause, contingent upon use of the insured vehicle being in accordance with permission granted by its named insured."

3. Casualty issued its Policy No. GAL 2 11523 to Wilson, said policy having been furnished in accordance with Interstate Commerce Commission rules for Driveaway Companies and in their Answers to Interrogatories admit that Nancy Thrall had permission to drive the automobile involved in the collision which is the subject matter of this litigation.

■ The defendant Reliance argues that it escapes responsibility as a primary carrier by alleging that the co-defendant, Casualty, was the primary carrier because it was required to furnish insurance in accordance with certain provisions of the Interstate Commerce Act. It is basic and fundamental that whether Reliance affords primary or excess coverage must be determined from the provisions of the Reliance policy. If another carrier also furnishes primary insurance, Reliance may be in a position of a co-primary carrier, but the mere fact that another carrier furnishes primary insurance does not change Reliance's policy from primary to excess. The Illinois case law is clear that the insurance policy on the owner's car affords primary coverage. Jensen v. New Amsterdam Ins. Co., 65 Ill.App. 2d 407, 213 N.E.2d 141 (1965); New Amsterdam Cas. Co. v. Underwriters, 34 Ill.2d 424, 216 N.E.2d 665 (1966).

Reliance concedes in its answer to plaintiff's Interrogatory No. 1 that "the Reliance policy affords coverage to Nancy Thrall and Wilson under its omnibus clause, contingent upon use of the insured vehicle being in accordance with permission granted by its named insured." From Reliance's insurance policy No. GA 1 22 36 79, it would appear that the omnibus clause reads as follows:

4. Persons Insured
 Each of the following is an insured under this insurance to the extent set forth below:
 Under the Garage Bodily Injury and Property Damage Liability Coverages:
 
 \* \* \* \*
 
 (3) With respect to the automobile hazard:
 (a) any person while using with the permission of the named insured, an automobile to which the

insurance applies under the automobile hazard, provided his actual operation or if he is not operating, his other actual use thereof is within the scope of such permission . . .

 It is undisputed from the Answers to Interrogatories and depositions that Nancy Thrall was a permissive user of the vehicle in question. The recent Illinois case of Maryland Casualty Co. v. Iowa National Mut. Ins. Co., 54 Ill.2d 333, 297 N.E.2d 163 (1973) holds that where permission is initially given for the use of the car (such as Wilson gave to Norman Schuck), any subsequent users are also permissive users subject to "theft or the like". Thus Reliance affords primary coverage to the defendants Nancy Thrall and Wilson in the pending wrongful death action.

 The policy of insurance issued by the defendant, Casualty, includes an "endorsement for motor carrier policies of insurance for automobile, bodily injury and property damage liability under Section 215 of the Interstate Commerce Act". This endorsement specifically states that the policy containing the endorsement shall not be limited by any condition in the policy, "within the limits of liability hereinafter provided it is further understood and agreed that no condition, provision, stipulation or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement, by the insured, shall relieve the company from liability hereunder or from the payment of any such final judgment, irrespective of the financial responsibility or lack thereof, or insolvency or bankruptcy of the insured."

This provision also makes Casualty's coverage primary, as a matter of law and public policy. This was the intent of the Interstate Commerce Act provision as interpreted by federal courts. Hagens v. Glens Falls Insurance Company, 465 F.2d 1249 (10th Cir. 1972); Argonaut Insurance Company v. National Indemnity Company, 435 F.2d 718 (10th Cir. 1971).

Thus Reliance and Casualty are co-primary insurers of Nancy Thrall and Wilson.

As to Aetna, its policy was written on the family automobile of Nancy Thrall's mother and that automobile was not involved in this occurrence. Thus, the Aetna policy. affords non-ownership coverage only. The policy clearly provides that the non-ownership coverage is excess over any other insurance coverage available. The Illinois case law is clear that the insurance policy on the owner's car affords primary coverage and the insurance policy on the family automobile of the driver affords excess coverage only. See Jensen v. New Amsterdam Ins. Co., *supra*, and New Amsterdam Cas. v. Underwriters, *supra*.

Accordingly, the plaintiff's motion for summary judgment in its favor is granted and it is hereby ordered that:

1. The policy of automobile insurance issued by the plaintiff to Catherine Thrall affords excess coverage to defendants Nancy Thrall and Wilson for the claims brought in Case No. 72 C 2725.

2. The policy of insurance issued by Reliance to Bay Cities affords direct, primary coverage to defendants Nancy Thrall and Wilson for the claims brought in Case No. 72 C 2725.

3. The policy of insurance issued by Casualty to Wilson affords direct primary coverage to Nancy Thrall and Wilson for the claim brought in Case No. 72 C 2725.