STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellant, *v.* JOE HAGGERTY CHEVROLET OLDS, INC., *et al.*, Defendants.—(UNIVERSAL UNDERWRITER'S INSURANCE COMPANY, Defendant-Appellee.)

Fourth District   No. 13591

Opinion filed December 23, 1976.

Dukes, O'Rourke, Stewart & Martin, Ltd., of Danville (John F. Martin, of counsel), for appellant.

Hardin W. Hawes, of Danville, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Leora Taylor took her automobile to Joe Haggerty Chevrolet Olds, Inc., for service and the dealer loaned her a car to use while hers was being repaired. The dealership had a policy with Universal Underwriter's Insurance Company (Universal) covering its vehicles. While operating the loaned vehicle, Taylor was involved in an accident with a vehicle driven by Eveline Abbott. The accident resulted in two lawsuits: one by the dealership against Taylor for property damage to the loaned vehicle and the other by Abbott for damages to the other vehicle. Universal was tendered but refused either to defend or pay on behalf of Taylor.

State Farm, Taylor's insurer, brought a declaratory judgment action to determine whether it or Universal was obliged under the terms of their respective policies to provide coverage and defense for Leora Taylor.

The parties stipulated to the facts and the trial court determined that Leora Taylor was not entitled to any coverage under the Universal policy issued to the dealer. State Farm appeals.

The sole issue for review is whether the trial court order denying Leora Taylor coverage under the Universal policy was correct. In other words, was Taylor a named insured within the terms of that policy? We hold that the trial court's order was correct.

In the Universal policy, the following persons are named as insureds:

"(a) any partner, or paid employee or director or stockholder thereof or a member of the household of the NAMED INSURED or such partner or paid employee or director or stockholder while using an AUTOMOBILE covered by this Coverage Part or when legally responsible for the use thereof, provided the actual use of the AUTOMOBILE is by the NAMED INSURED or with his permission, and

(b) any other person or organization legally responsible for the use thereof only while such AUTOMOBILE is physically operated by the NAMED INSURED or any such partner or paid employee or director or stockholder, or member of the household of the NAMED INSURED or partner or paid employee or director or stockholder, provided the actual use of the AUTOMOBILE is by the NAMED INSURED or with his permission." (Section IV Persons Insured.)

Clearly, this is not an "omnibus" clause providing coverage to all permissive users of cars owned by the garage. Taylor is not a member of any of these defined classes of persons; hence, she is not a named insured under the policy. For this reason, Universal is not liable for any part of the claim for damages to the Abbott automobile.

Suffice to say that the cases relied on by plaintiff, most noticeably, *Automobile Underwriters, Inc. v. Hardware Mutual Casualty Co.* (1971), 49 Ill. 2d 108, 273 N.E.2d 360, all involve situations where the dealer's policy had an "omnibus" clause providing coverage for all permissive users. This factor is critical. Here, Taylor was not a named insured; hence, any discussion concerning the rules for reconciling two conflicting policies is irrelevant.

Two cases are closely in point. In *Orth v. Universal Underwriters Insurance Co.* (9th Cir. 1960), 284 F. 2d 857, the Ninth Circuit Court of Appeals considered nearly identical language as that defining the persons insured in Part IV of the policy in the instant case. That court decided that a prospective purchaser who was involved in an accident while test driving an automobile was not afforded coverage under the dealer's policy. Likewise, in *Moyer v. Aron* (1964), 175 Ohio St. 490, 196 N.E.2d 454, the Ohio Supreme Court considered a garage owner's policy with

language defining the named insured nearly identical to that used here. The court in *Moyer* held that a prospective customer driving the dealer's automobile was not an insured under the dealer's policy. We are persuaded that *Orth* and *Moyer* are in point and hold that, here, Leora Taylor was not an insured under the Universal policy.

We emphasize that the trial court's order decided only that Taylor was not entitled to coverage as an insured under the Universal policy. This is, of course, quite separate from the issues of whether the dealer as the insured may recover from Universal for the damage done to its loaner car, or whether if this occurs, Universal can seek indemnity from State Farm. These are issues we do not consider.

Affirmed.

GREEN and REARDON, JJ., concur.