INTERNATIONAL INSURANCE COMPANY OF NEW YORK, Plaintiff-Appellee, *v.* SENTRY INSURANCE, Defendant-Appellant.

Fourth District   No. 13498

Opinion filed February 10, 1977.

Hull, Campbell & Robinson, of Decatur (Michael I. Campbell and Dennis J. O'Hara, of counsel), for appellant.

Armstrong, Winters, Prince, Tenney, Featherstun & Johnson, of Decatur (Harold F. Tenney, of counsel), for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff, International Insurance Company of New York, brought an action against defendant, Sentry Insurance, to recover expenses incurred in settling claims arising out of an automobile accident. Plaintiff's insured, Alfred Williams, while test-driving an automobile owned by defendant's insured, Donald Hartwig, caused it to collide with an auto driven by Ralph Rawlings. Plaintiff expended the sum of $56,250.40 in investigating and settling claims of the occupants of the Rawlings' vehicle. Plaintiff, as Williams' subrogee, brought suit against defendant for reimbursement for its loss. Finding no controverted issues of fact, the trial court gave judgment on the pleadings to the plaintiff for the full amount of its claim, $56,250.40, plus interest of $7,767.18, and costs of suit.

At the time of the accident, Williams was covered by a policy issued by the plaintiff which provided that the insurance with respect to a temporary substitute or nonowned automobile would be "excess" insurance over any other valid and collectible insurance. The auto Williams was driving at the time of the accident was clearly a "non-owned" or a "temporary substitute automobile" within the meaning of plaintiff's policy.

Defendant's policy also applied to the 1965 Chevrolet which Williams was test-driving. Defendant's policy provided $50,000 person/$100,000 occurrence coverage for bodily injury and contained a limited coverage endorsement which states, in part:

"In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:

1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage

customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.

2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.

3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit.

4. As used in this endorsement:

'applicable financial responsibility limit' refers to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged."

Section 7—317 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 7—317) provides financial responsibility limits of $10,000 person/$20,000 occurrence for bodily injury or death. Defendant argued at trial that under paragraph 3 above its liability was limited to only $20,000. In rejecting defendant's position, the trial court held in favor of plaintiff for the full amount expended, plus interest, finding defendant's affirmative defense—the limited endorsement—insufficient at law, saying that the endorsement relied upon was ineffective to reduce the amount of defendant's primary insurance under the rule of *New Amsterdam Casualty Co. v. Certain Underwriters at Lloyds, London* (1966), 34 Ill. 2d 424, 216 N.E.2d 665, and *Automobile Underwriters, Inc. v. Hardware Mutual Casualty Co.* (1971), 49 Ill. 2d 108, 273 N.E.2d 360. We review only the correctness of that order. The parties would have this court decide whether an insurer may reduce its liability for certain users below that of the named insured, reduce it to the limits of the State financial responsibility law. Interesting as this question may seem, we do not address it since on the facts of this case that issue need not be reached.

■■ It is clearly the law of Illinois that where the owner has a policy with an omnibus clause covering the driver and an "escape" clause while the driver's insurance provides "excess" coverage, the "excess" clause prevails and the owner's insurer is primarily liable. (*New Amsterdam.*) *Automobile Underwriters* solidified the primary liability of the owner's insurer in "escape" versus "excess" situations, saying that "We find no justification to allow a circumvention of *New Amsterdam* by the mere inclusion of the phrase 'either primary or excess' in the 'escape' clause."

(49 Ill. 2d 108, 112, 273 N.E.2d 360, 362-63.) Neither *New Amsterdam* or *Automobile Underwriters* considered the issue whether the owner's insurer could limit its liability for permissive users to something less than provided the named insured. They held only that in case of conflicts, the escape clause fails, leaving the owner's insurer primarily liable.

■■ We are persuaded that the trial court's decision was correct, because, by its own terms, the reduction clause in defendant's limited coverage endorsement is inapplicable. Paragraph 3 (the reduction clause) only applies if "there is no other valid and collectible insurance, whether primary, excess or contingent" covering the driver. Defendant argues that *New Amsterdam* and *Automobile Underwriters* are authority for the proposition that "excess" insurance is *not* "other valid and collectible insurance." We disagree with such a broad proposition as it applies to this case. Rather, we are persuaded that plaintiff's "excess" insurance is available insurance; thus, defendant's reduction clause is not activated. We see this result as no way inconsistent with the supreme court opinion in *New Amsterdam.* It must be remembered that there the supreme court was dealing with two mutually exclusive insurance clauses, logically irreconcilable as to primary coverage conflicts. Also, it is critical to note that in *New Amsterdam* the damages were *less* than the limits of the owner's policy; thus, the driver's "excess" coverage never came into force. On these facts, the supreme court ruled that the driver's "excess" coverage was not "other" insurance within the meaning of the owner's escape clause.

To accept defendant's argument here that "excess" insurance cannot constitute "other valid and collectible insurance" would produce an illogical result. A valid, collectible and available form of insurance would be deemed to lose that status to the extent of the coverage of the policy containing the reduction clause. If defendant's liability were limited to $20,000 here, plaintiff would remain liable for $36,250.40 under its "excess" provision. In light of these facts, we conclude that plaintiff's "excess" insurance was most assuredly "other valid and collectible insurance," hence, the reduction clause in defendant's policy is inapplicable.

Affirmed.

GREEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

Defendant agrees that its liability is primary but argues that its liability is restricted to the limits imposed by the financial responsibility statute.

The trial court considered this issue as an affirmative defense and determined that:

"The affirmative defense in defendant's answer is substantially

insufficient in law to state a defense to the cause of action alleged in the first amended complaint, because the endorsement relied upon is ineffective to reduce the amount of defendant's primary insurance under the rule of *New Amsterdam Casualty Company v. Certain Underwriters at Lloyds, London*, 34 Ill. 2d 424 (1966), and *Automobile Underwriters, Inc. v. Hardware Mutual Casualty Company*, 48 Ill. 2d 108 (1971)."

As the opinion notes the cited cases do not pass upon the issue here considered. The opinion sets forth the endorsement which provides that "customers" shall not be considered "insured" except as provided in the three parts quoted, *i.e.*, (1) where there is other available insurance to the limits of the statute there is no coverage, (2) where there is other available insurance but in an amount lower than the limits of financial responsibility defendant will pay additional amounts up to such limit, and (3) where there is no other insurance available defendant will pay the amount required by statute. The language of the endorsement discloses a scheme of coverage that, in effect, provides that defendant shall pay no more than the amounts provided in the financial responsibility statute.

By its answer at trial and its argument here, defendant waives its claim to escape all liability if sufficient other insurance is available, or to pay only the difference between insufficient other available insurance and the amounts required under the financial responsibility law. The effect of such waiver is to make operative the third part of the endorsement, *i.e.*, if no other insurance is available the defendant will pay amounts as provided by the financial responsibility statute.

Section 3—317(f)(4) of the Illinois Vehicle Law (Ill. Rev. Stat. 1967, ch. 95½, par. 7—317(f)(4)), in effect at the date of the policy as well as presently, provided:

"The policy, the written application therefor, if any, and any rider or endorsement which shall not conflict with the provisions of this Act shall constitute the entire contract between the parties."

Our courts have established that an endorsement of an insurance policy controls any provision of such policy which may conflict with the endorsement. (*Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855; *Metro Inter-Insurance Exchange v. Anthony* (1971), 1 Ill. App. 3d 612, 275 N.E.2d 296.) In *Konrad*, the policy stated a coverage up to $25,000 per person but an endorsement restricted coverage upon vehicles subject to the Illinois Truck Act to $5000. The court held that the endorsed limit controlled and reversed the judgment for a greater amount.

In *Mid-Century Insurance Co. v. Safeco Insurance Co. of America* (1972), 7 Ill. App. 3d 408, 287 N.E.2d 529, this court reviewed a number of Illinois cases restricting the definition of an insured and held that unless

the case or a statute determined such restriction to be void or against public policy, it was the duty of the court to construe the contract as written and not to rewrite it.

We find nothing which suggests that the endorsement is contrary to public policy or violates any statute. It is held that "omnibus" coverage is not required in the policy unless such policy is one that must be filed under the statute to show proof of financial responsibility. *McCann v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 134 N.E.2d 302; *Porterfield v. Truck Insurance Exchange* (1960), 28 Ill. App. 2d 195, 171 N.E.2d 108; *Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d 847, 285 N.E.2d 185; *Mid-Century Insurance Co. v. Safeco Insurance Co. of America* (1972), 7 Ill. App. 3d 408, 287 N.E.2d 529.

Upon consideration of the law cited and the endorsement in all its terms, it seems clear that customers are not covered by the limit stated in the policy and any "omnibus" provision it may contain. The endorsement limits the coverage of customers to the amounts provided in the financial responsibility statute for the third paragraph provides that if there is no other insurance available the policy shall pay the statutory amount.

By the terms of the endorsement as to customers, the "primary insurance" is the $10,000 to $20,000 coverage provided by the financial responsibility statute. In such view the endorsement as pleaded and argued does not have an effect to reduce the amount of primary insurance as the trial court found or to "activate" a reduction clause as the opinion states.

I would reverse to the trial court with directions to enter judgment to the plaintiff in the sum of $20,000.