**UNITED STATES FIRE INSURANCE COMPANY, Plaintiff,**

v.

**WILSON DRIVEAWAY, INC., National Ben Franklin Insurance Company of Illinois, and Travelers Indemnity Company of Illinois, Defendants.**

No. 86 C 10079.

United States District Court,
N.D. Illinois, E.D.

Dec. 7, 1987.

David Nani, Kralovec, Marquard, Doyle & Gibbons, Chtd., Chicago, Ill., for plaintiff.

Harvey J. Cohen, Aries, Hoyt & Taden, Chicago, Ill., for defendants Wilson Driveaway and National Ben Franklin Ins. Co.

Marcia Cohen, Tyrrell & Flynn, Chicago, Ill., for defendant Travelers.

### ORDER

BUA, District Judge.

This case involves a dispute between insurance companies over the issue of pri-

mary coverage. Having already paid a judgment of over $4 million in an automobile accident case, plaintiff now seeks a declaratory judgment that defendants must provide primary insurance coverage for the accident. Defendants argue that the terms of plaintiff's own policy designate plaintiff as the primary insurer. Pursuant to Fed. R.Civ.P. 56, plaintiff has moved for summary judgment. In response, two of the defendants have filed cross-motions for summary judgment. For the reasons stated herein, this court denies plaintiff's motion and grants defendants' cross-motions for summary judgment.

## FACTS

Under an agreement with defendant Wilson Driveaway, Inc. (Wilson), Creighton Brewer was to transport a car from California to Illinois in September 1982. Brewer embarked on his trip with a single passenger, Margaret Jean Koron. On September 3, 1982, Koron suffered serious injuries when Brewer lost control of the car and swerved off the highway near Seligman, Arizona.

Koron's guardian brought suit on her behalf against Brewer and Lee Cadillac Oldsmobile (Lee), the car's owner. An Arizona jury awarded Koron $4,722,277. One of Lee's insurers, United States Fire Insurance Company (U.S. Fire), satisfied most of the judgment. Under Lee's policy with U.S. Fire, which provides umbrella liability coverage up to $10 million, U.S. Fire paid $4,222,277 to Koron.

In the instant case, plaintiff U.S. Fire contends that Wilson's two insurers—defendants National Ben Franklin Insurance Company of Illinois (NBF) and Travelers Indemnity Company of Illinois (Travelers) —must contribute to Koron's award. According to U.S. Fire's complaint for declaratory judgment, NBF and Travelers are responsible for primary insurance coverage for the accident, thereby entitling U.S. Fire to partial reimbursement for the Koron judgment. In opposition to the complaint, NBF and Travelers argue that the provisions of Lee's insurance policy obligate U.S. Fire to provide primary coverage for the accident. Seeking resolution of this dispute, all three insurance companies have filed motions for summary judgment.

## DISCUSSION

### I. U.S. Fire's Motion for Summary Judgment

Under Interstate Commerce Commission (ICC) regulations, each insurance policy issued to a motor carrier must contain an endorsement providing that "[w]ithin the limits of liability ... no condition, provision, stipulation, or limitation contained in the policy ... shall relieve the [insurance] Company from liability hereunder...." ICC Form B.M.C. 90. Wilson operates as an interstate motor carrier. Therefore, to comply with ICC regulations, both NBF and Travelers must include a B.M.C. 90 endorsement in their policies with Wilson.

U.S. Fire rests its motion for summary judgment on a single premise: By virtue of filing Form B.M.C. 90 with the ICC, NBF and Travelers have assumed the burden of primary coverage as a matter of law. In the early 1970s, several courts held that the language of Form B.M.C. 90 placed the onus of primary coverage on the motor carrier's insurer. *See Hagans v. Glens Falls Ins. Co.*, 465 F.2d 1249 (10th Cir. 1972); *Argonaut Ins. Co. v. National Indem. Co.*, 435 F.2d 718 (10th Cir.1971); *Aetna Casualty and Sur. Co. v. Arkin*, 365 F.Supp. 813 (N.D.Ill.1973). Recently, however, the Seventh Circuit reached the opposite conclusion. Adopting the position of a growing number of courts, a Seventh Circuit panel ruled that Form B.M.C. 90 did not require insurers of motor carriers to provide primary coverage as a matter of law. *Travelers Ins. Co. v. Transport Ins. Co.*, 787 F.2d 1133 (7th Cir.1986). Because the Seventh Circuit has rejected the sole foundation of U.S. Fire's claim, this court denies U.S. Fire's motion for summary judgment.

In a feeble attempt to distinguish the *Travelers* opinion, U.S. Fire argues that because an Indiana statute determined the outcome in *Travelers*, and because no stat-

ute applies to the case at bar, Form B.M.C. 90 should govern resolution of the present dispute. This argument misconstrues the holding of the *Travelers* court. The Seventh Circuit explicitly rejected the use of Form B.M.C. 90 to resolve coverage disputes between insurance companies. *Id.* at 1140; *see also Occidental Fire & Casualty Co. of North Carolina v. International Ins. Co.*, 804 F.2d 983, 986 (7th Cir.1986). Instead, the *Travelers* court noted that "were it not for the Indiana statute, the policy provisions as to coverage would be controlling." 787 F.2d at 1140.

In the absence of a statute that controls the case at bar, this court must look to the provisions of the parties' insurance policies for guidance. This is exactly what NBF and Travelers urge in their cross-motions for summary judgment. The court now considers these cross-motions.

## II. *Defendants' Cross–Motions for Summary Judgment*

■ Both NBF and Travelers assert that, under Illinois law, U.S. Fire must bear the burden of primary coverage. Conceivably, Illinois conflict-of-law rules might dictate that another state's law should govern the instant case. The record, however, provides insufficient information for this court to engage in choice-of-law analysis. In any event, U.S. Fire has never contested the applicability of Illinois law to the case at bar. Consequently, this court will decide the cross-motions on the basis of Illinois law. *See Associated Indem. Co. v. Insurance Co. of North America*, 68 Ill.App.3d 807, 815 n. 3, 25 Ill.Dec. 258, 264 n. 3, 386 N.E.2d 529, 535 n. 3 (1979) (although Washington law might have properly governed insurance contract interpretation, court applied Illinois law because litigating parties had assumed that Illinois law was controlling).

Resolution of the cross-motions hinges on the provisions of the parties' respective policies. The U.S. Fire policy contains an omnibus clause that extends liability coverage to permissive users of Lee's vehicles. On the other hand, each of Wilson's policies contains an excess clause, limiting coverage to the amount of damages in excess of

any other collectible insurance. When determining the effect of these clauses in factually similar coverage controversies, Illinois courts have consistently held that the excess clause prevails, and that the owner's insurer assumes primary liability under the omnibus clause. *See Automobile Underwriters, Inc. v. Hardware Mut. Casualty Co.*, 49 Ill.2d 108, 273 N.E.2d 360 (1971); *New Amsterdam Casualty Co. v. Certain Underwriters at Lloyds*, 34 Ill.2d 424, 216 N.E.2d 665 (1966); *Associated Indem. Co., supra; International Ins. Co. of New York v. Sentry Insurance*, 45 Ill.App.3d 634, 4 Ill.Dec. 267, 359 N.E.2d 1219 (1977). Based on this line of precedent, this court grants summary judgment in favor of NBF and Travelers.

## CONCLUSION

For the foregoing reasons, U.S. Fire's motion for summary judgment is denied. The cross-motions for summary judgment filed by NBF and Travelers are granted.

IT IS SO ORDERED.